IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KYLE D JONES, § | |
|     Plaintiff, § | |
| § | |
| v. § | No. 3:20-cv-02523-X (BT) |
| § | |
| ROCKWALL COUNTY § | |
| § | |
|     Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* Plaintiff Kyle D. Jones, proceeding *in forma pauperis*, filed this 42 U.S.C. § 1983 civil rights suit against Rockwall County, Texas. *See* ECF No. 3. Jones then clarified his claims in response to a Magistrate Judge Questionnaire (MJQ). *See* ECF No. 7; ECF No. 8; *see also Cervantes v. Dixon*, 2014 WL 5285699, at *1 (N.D. Tex. Oct. 15, 2014) ("Responses to a questionnaire become part of the plaintiff's pleadings . . . ."). The Court withheld issuance of process pending judicial screening. For the reasons stated, Jones's claims should be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915 (e)(2)(B).

**Background**

Liberally construing Jones's filings, the Court understands him to complain about Rockwall County's handling of criminal proceedings against him—which appear to be ongoing. In 2019, Jones was charged in Rockwall County with violating a restriction related to his occupational driver's license. *See* TEX. TRANSP.

1

CODE ANN. § 521.253; *see also* ECF No. 3 at 2; ECF No. 8 at 7; https://portal-txrockwall.tylertech.cloud/Portal/Home/WorkspaceMode?p=0 (last visited Dec. 16, 2021).[1] He alleges that "numerous times in 2019" the proceedings were continued and he was threatened with jail if he did not consent to the continuation of the proceedings. *See* ECF No. 8 at 3. According to Jones, Rockwall County has a policy, established by Judge Brian Williams, of resetting court dates and forcing citizens to comply. *See* ECF No. 8 at 4. He further alleges that, in February 2020, the trial court advised him that his criminal trial was set for March 2020. *See* ECF No. 3 at 2. However, because of a change of venue motion that Jones filed, the trial court advised him that he could ignore the March 2020 setting. *See* ECF No. 3 at 2. He did, and the court issued a warrant for his arrest. He was charged with failure to appear pursuant to Texas Penal Code section 38.10. *See* ECF No. 3 at 2.; *see also* ECF No. 8 at 5. Jones claims that he tried to "give bond amount of $700" to "satisfy" the arrest warrant, but Rockwall County lacked the infrastructure to allow Jones to pay the bond money. *See* ECF No. 3 at 2. Jones claims that this lack of infrastructure violates his rights under the Supremacy Clause. *See* ECF No. 3 at 2.

---

[1] The Court can, and the undersigned does here, take judicial notice of publicly-available state-court criminal records found on government websites. *See*, *e.g.*, *Stiel v. Heritage Numismatic Auctions, Inc.*, 816 F. App'x 888, 892 (5th Cir. 2020) (noting that a court may "take judicial notice of the public records in . . . prior state court proceedings."); *In re Katrina Canal Breaches Consol. Lit.*, 533 F.Supp.2d 615, 632 (E.D. La. 2008) ("The Fifth Circuit has determined that courts may take judicial notice of government websites.")

He questions whether Rockwall County is legally in error for lacking the infrastructure to accept his attempt to pay the bond amount. *See* ECF No. 3 at 2.

Though his pleadings are difficult to decipher, it appears Jones presents the following claims: (1) that Rockwall County violated his Sixth Amendment rights (presumably his right to a Speedy Trial) and supposed rights under the Supremacy Clause by rescheduling court dates even though Jones was ready to proceed, and threatening Jones with jail if he did not agree to the changes; (2) that Rockwall County violated his supposed rights under the Supremacy Clause by lacking the infrastructure to allow Jones to pay his bond money; and (3) that the prosecutor illegally changed Jones's charge to an "occupational license" charge without notifying him or "relinquishing the bond on the new charge." *See* ECF No. 3 at 2; ECF No. 8 at 3-4. He seeks $75,000 in compensatory damages for pain and suffering. *See* ECF No. 8 at 3.

**Legal Standards**

Jones's complaint is subject to preliminary screening under 28 U.S.C. § 1915(e)(2), pursuant to which a district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

To state a claim upon which relief may be granted, a plaintiff must "plead enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with

3

enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Regarding frivolity, a case is not frivolous simply because it fails to state a claim. *Neitzke v. Williams*, 490 U.S. 319, 331 (1989). But if the claim has no arguable basis in law or fact, the complaint can be dismissed under § 1915(e). *Henry v. Kerr Cnty.,Texas*, 2016 WL 2344231, at *4 (W.D. Tex. May 2, 2016) (collecting cases). A complaint is legally frivolous if it is premised on an "indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. "An *in forma pauperis* complaint that recites bare legal conclusions, with no suggestion of supporting facts, or that postulates facts of an entirely fanciful nature, is a prime candidate for dismissal under § 1915(e)." *Henry*, 2016 WL 2344231, at *4 (citing *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992); *Gartrell v. Gaylor*, 981 F.2d 254, 259 (5th Cir. 1993)).

And, "[a]lthough pleadings filed *pro se* are generally held to less stringent standards than those drafted by lawyers, *pro se* litigants must still reasonably comply with procedural rules." *Miller v. Lowe's Home Ctrs. Inc.*, 184 F. App'x 386, 389 (5th Cir. 2006) (per curiam) (citing *Grant v. Cuellar*, 59 F.3d 523, 524-25 (5th Cir. 1995)).

### Analysis

Because the criminal proceedings underlying Jones's complaint appear to be ongoing, the Court first analyzes whether *Younger* abstention is appropriate before addressing the merits of the claims.[2]

### A. *Younger* Abstention is not warranted because Jones only seeks monetary relief.

Initially, Jones's claims all relate to underlying state-court criminal proceedings against him for violating the terms of his occupational vehicle license and then failing to appear in relation to those proceedings. Because those proceedings are ongoing, *Younger v. Harris*, 401 U.S. 37 (1971), which, in some instances, prevents a federal court from exercising jurisdiction when doing so would interfere with an ongoing state judicial proceeding, is potentially applicable.

"In general, the *Younger* doctrine requires that federal courts decline to exercise jurisdiction over lawsuits when three conditions are met: (1) the federal proceeding would interfere with an 'ongoing state judicial proceeding'; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has 'an adequate opportunity in the state proceedings to raise constitutional challenges.'" *Bice v. Louisiana Public Defender Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar*

---

[2] Jones claims in his response to the MJQ that the occupation license charge and failure to appear charge are both still pending in the state court. *See* ECF No. 8 at 5, 7. The Rockwall County website also indicates that the proceedings are ongoing. https://portal-txrockwall.tylertech.cloud/Portal/Home/WorkspaceMode?p=0 (last visited December 16, 2021).

*Ass'n*, 457 U.S. 423, 432 (1982)). However, the Fifth Circuit has held *Younger* does not apply to claims for monetary damages—which are the only claim that Jones asserts here. *See Lewis v. Beddingfield*, 20 F.3d 123, 125 (5th Cir. 1994) (citing *Allen v. La. State Bd. of Dentistry*, 835 F.2d 100, 104 (5th Cir. 1988)). And, the Supreme Court has indicted that even if *Younger* does apply to requests for monetary relief, "the proper course of action is for a district court to stay the claims for damages pending the outcome of the state proceedings, such that they can move forward without interference." *Boyd v. Farrin*, 575 F. App'x. 517, 519 (5th Cir. 2014) (per curiam) (citing *Deakins v. Monaghan*, 484 U.S. 193, 202 (1988)). "However, this preference for a stay applies only where there is 'no question that [a complaint] allege[s] injuries under federal law sufficient to justify the District Court's retention of jurisdiction.'" *Id.* (citing *Deakins*, 484 U.S. at 204); *Marts v. Hines*, 68 F.3d 134, 135 & n.5 (5th Cir. 1995); *Cassell v. Osborn*, 23 F.3d 394, 1994 WL 159424, at *2 (1st Cir. 1994) (unpublished)). The Fifth Circuit has interpreted "this limitation to mean that a stay is not required where the district court determines that the claim for damages is frivolous under 28 U.S.C. § 1915." *Boyd*, 575 F. App'x. at 520 (citations omitted).

      Here, Jones seeks only monetary relief, so *Younger* abstention is inapplicable. And because Jones's claims are frivolous, a stay is not warranted, either.

**B. <u>Jones's Claims are Frivolous.</u>**

Again, liberally construing Jones's pleadings, the Court understands him to complain that (1) Rockwall County violated his Sixth Amendment rights (presumably his right to a Speedy Trial) and supposed rights under the Supremacy Clause by rescheduling court dates even though Jones was ready to proceed, and threatening Jones with jail if he did not agree to the changes; (2) Rockwall County violated his supposed rights under the Supremacy Clause by lacking the infrastructure to allow Jones to pay his bond money; and (3) the prosecutor illegally changed Jones's charge to an "occupational license" charge without notifying him or "relinquishing the bond on the new charge." *See* ECF No. 3 at 2; ECF No. 8 at 3-4. These claims are legally frivolous.

First, Jones has only sued Rockwall County, yet his allegations provide no basis for municipal liability. Municipalities, including counties, may be held liable under § 1983. *Hampton Co. Nat'l Sur., LLC v. Tunica Cty.*, 543 F.3d 221, 224 (5th Cir. 2008). A municipality may be liable under § 1983 if the execution of one of its customs or policies deprives a plaintiff of his or her constitutional rights. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690-91 (1978); *Jones v. City of Hurst, Tex.*, No. 4:05-CV-798-A, 2006 WL 522127, at *3 (N.D. Tex. Mar. 2, 2006) (citing *Board of County Comm'rs v. Brown,* 520 U.S. 397, 403 (1997)). It is well-settled that a municipality cannot be liable under a theory of respondeat superior, however. *Piotrowski v. City of Houston,* 237 F.3d 567, 578 (5th Cir. 2001) (citing cases). "Under the decisions of the Supreme Court and [the Fifth Circuit], municipal

7

liability under section 1983 requires proof of three elements: a policy maker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Id.* (citing *Monell*, 436 U.S. at 694); *see also Valle v. City of Houston*, 613 F.3d 536, 541-42 (5th Cir. 2010); *Cox v. City of Dallas*, 430 F.3d 734, 748 (5th Cir. 2005). Official municipal policy includes the decisions of the government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law. *Monell*, 436 U.S. at 691-95. "Official policy" is defined as:

> 1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or
>
> 2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body has delegated policy-making authority. Actions of officers or employees of a municipality do not render the municipality liable under § 1983 unless they execute official policy as above defined.

*Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (per curiam); *accord Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002).

And to establish municipal liability under § 1983, a plaintiff must also show that the official policy was promulgated or adopted with deliberate indifference to its known or obvious consequences. *See Brown v. Bryan County, Oklahoma*, 219 F.3d 450, 457 (5th Cir. 2000). "Deliberate indifference of this sort is a stringent

8

test, and 'a showing of simple or even heightened negligence will not suffice' to prove municipal culpability." *Piotrowski*, 237 F.3d at 579 (citation omitted).

Here, Jones was specifically asked to expound upon the policy or custom of which he complains, the final policy maker that enacted it, and manner in which the policy maker enacted it. *See* ECF No. 8 at 4. Jones claims that Judge Brian Williams established a policy of "resetting court dates and forcing citizens to comply." *See* ECF No. 8 at 4. Jones further claims that Judge Williams adopted this policy through incompetence. *See* ECF No. 8 at 4.

But, as a matter of law, an incompetent or negligently adopted policy will not sustain a municipal liability claim, which requires a showing of deliberate indifference. Further, "[l]ocal judges *acting in their judicial capacities* do *not* act as local governmental policy-makers." *Hick v. Bexar County, Tex.*, 973 F.Supp. 653, 685 (W.D. Tex. 1997) (emphasis in original) (citing *Krueger v. Reimer*, 66 F.3d 75, 77 (5th Cir. 1995); *Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992); *Bigford v. Taylor*, 834 F.2d 1213, 1221 (5th Cir. 1988); *Carbalan v. Vaughn*, 760 F.2d 662, 665 (5th Cir. 1985); *Familias Unidas v. Briscoe*, 619 F.2d 391, 404 (5th Cir. 1980)). Thus, because the action of resetting court dates is one undertaken in a judicial capacity, it may not establish municipal liability. *See, e.g., Barnes v. City of Dothan*, 795 F.Supp.2d 1276, 1281 (M.D. Ala. 2011) (noting that "docket management and case scheduling are certainly normal judicial functions"). In short, because Jones alleges that the supposedly unconstitutional policy was

adopted through incompetence and by a judge acting in his judicial capacity, any claims against Rockwall County (the only defendant) are legally frivolous.

Further, to the extent that Jones is asserting a claim pursuant to the Supremacy Clause, such a claim is also legally frivolous because the Supreme Court has "wholly rejected the theory that a private cause of action arises out of the Supremacy Clause." *Texas Voters Alliance v. Dallas County*, 495 F.Supp.3d 441, 462 (E.D. Tex. 2020) (citing *Armstrong v. Exceptional Child Center, Inc.*, 575 U.S. 320, 324-27 (2015) (explaining that "the Supremacy Clause is not the 'source of any federal rights,' and certainly does not create a cause of action")).

And to the extent Jones's claims are pursuant to the Speedy Trial Clause of the Sixth Amendment, they also lack an arguable basis in law because Jones only seeks monetary relief, and the Speedy Trial Clause does not afford a monetary remedy. *See Starks v. Moore*, 51 F.Supp.3d 782, 797 (S.D. Ind. 2014) ("Secondly, as the Defendant also argue, monetary damages are not available for Starks, as the typical remedy for a Sixth Amendment speedy trial violation is dismissal of the charge.") (citing *Barker v. Wingo*, 407 U.S. 514, 522 (1972)).

Finally, as for the claim that the prosecution violated Jones's rights by charging him with something other than the violation for which he was arrested, this claim, too, is legally frivolous. While it is true "that a conviction upon a charge not made . . . constitutes a denial of due process," *Jackson v. Virginia*, 443 U.S. 307, 314 (1979), this is not what Jones alleges—nor could he, as his criminal proceedings are ongoing. Jones claims instead that his occupational license charge

violates his constitutional rights because it differs from the driving-without-a-license charge for which he was originally arrested. However, there appears to be no principle of constitutional law prohibiting a variance between a charge at the time of arrest and a charge in a formal complaint or indictment. Again, the pertinent inquiry, as far as due process goes, is whether a defendant is tried or convicted on charges not made in the indictment against him. *See Stirone v. United States*, 361 U.S. 212, 217 (1960) (noting that a "court cannot permit a defendant to be tried on charges that are not made in the indictment against him"); *Cole v. Arkansas*, 333 U.S. 196, 201 (1948) (holding "that notice of the specific charge, and a chance to be heard in a trial of the issues raised by that charge, if desired, are among the constitutional rights of every accused in a criminal proceeding in all courts, state or federal"). Jones has not alleged anything like that here.

And as for Jones's assertion that the state court did not "relinquish[] the bond for the new charge," if Jones is claiming that the state court erred in not setting a bond for the occupational license charge, this claim is also frivolous. The Excessive Bail Clause of the Eighth Amendment provides that "[e]xcessive bail should not be required." U.S. CONST., AMEND VII. But the Eighth Amendment "says nothing about whether bail shall be available at all." *United States v. Salerno*, 481 U.S. 739, 752 (1987); *Butler v. Harris County Jail*, 2019 WL 1438291, at *2 (S.D. Tex. Mar. 29, 2019) (dismissing for failure to state a claim pretrial detainee's Eighth Amendment claim for denial of a felony pretrial bond). Thus, to the extent that Jones is claiming the state court violated his constitutional rights by denying

11

bail, this claim, on the facts presented, is based upon an indisputably meritless legal theory.

For at least these reasons, Jones's claims are frivolous and should be dismissed with prejudice.

## Recommendation

The Court recommends that Jones's claims should be DISMISSED WITH PREJUDICE as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

Signed December 16, 2021.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).