UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KYLE D. JONES, § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | Case No. 3:20-cv-02523-X-BT |
| § | |
| ROCKWALL COUNTY, § | |
| § | |
| *Defendant.* § | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND
RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case brought *in forma pauperis* by Kyle D. Jones against Rockwall County. [Doc. No. 9]. Liberally construed, Jones' complaint alleges that Rockwall County violated his rights under the Sixth Amendment and the Supremacy Clause, that the judge in Jones' ongoing criminal proceeding impermissibly rescheduled trial dates, and that the prosecutor illegally modified Jones' charge without notifying him or "relinquishing the bond on the new charge."[1] The Magistrate Judge concluded that Jones' claims should be dismissed with prejudice as frivolous.[2]

---

[1] *See generally* Doc. Nos. 3 at 1–2 (complaint), 9 at 7.

[2] *See* 28 U.S.C. § 1915(e)(2)(B) (directing courts to dismiss a proceeding *in forma pauperis* upon a determination that "the action or appeal [] is frivolous or malicious").

1

Jones filed objections. The Court understands Jones' objections to broadly argue that the Magistrate Judge and other judicial personnel are incompetent, and that the recommendation to dismiss the case is unethical, unconstitutional, and self-serving.[3] Jones asserts that "[t]he main legal standard is the tone of the [C]onstitution," and seems to argue that the Magistrate Judge has misinterpreted that tone.[4]

As a preliminary matter, the Court agrees with the Magistrate Judge that *Younger* abstention is inapplicable in this case because Jones only seeks monetary damages.[5] Jones argues that he is also "seeking the federal court to review the actions of Rockwall" via jury trial, but his complaint demands only $25,000, and he does not argue that *Younger* should apply.[6]

Jones makes no legal arguments to counter the Magistrate Judge's conclusion that his claims have no legal basis. Although his claim against Rockwall County under section 1983 requires a showing that the municipality executed one of its policies in a way that violated Jones' constitutional rights, Jones cites only actions taken by Judge Brian Williams that he deemed incompetent—actions which neither constitute municipal action nor implement municipal policy.[7] And Jones makes no

---

[3] *See generally* Doc. No. 10.

[4] *Id.* at 4.

[5] *See Younger v. Harris*, 401 U.S. 37, 45–47 (1971) (holding that federal courts should abstain from exercising jurisdiction when doing so would interfere with ongoing state criminal proceedings, absent extraordinary circumstances); *Lewis v. Beddingfield*, 20 F.3d 123, 125 (5th Cir. 1994) (noting that *Younger* does not apply to claims for monetary damages).

[6] Doc. Nos. 3 at 3, 10 at 4.

[7] Doc. No. 9 at 7–9 (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690–91 (1978)).

effort to explain how the Supremacy Clause gives rise to a cause of action when the Supreme Court has clearly explained it cannot do so.[8]  Further, Jones fails to argue why the Sixth Amendment applies, especially when its Speedy Trial Clause—the clause the Magistrate Judge reasonably assumed Jones intended to invoke—does not afford a monetary remedy, which is all Jones seeks.[9]  Finally, Jones offers no response to the Magistrate Judge's correct statement that "no principle of constitutional law prohibit[s] a variance between a charge at the time of arrest and a charge in a formal complaint or indictment," nor does he elaborate on his allegation that the state court erred in not setting a bond, which is constitutionally irrelevant.[10]

Accordingly, Jones' objections are overruled because he has presented no legal arguments showing why his claims should not be dismissed.

The District Court reviewed *de novo* those portions of the proposed findings, conclusions, and recommendation to which objection was made, and reviewed the remaining proposed findings, conclusions, and recommendation for plain error. Finding none, the Court **ACCEPTS** the findings, conclusions, and recommendation of the United States Magistrate Judge and **DISMISSES WITH PREJUDICE** Jones' claims.

**IT IS SO ORDERED,** this 3rd day of November, 2022.

---

[8] *Id.* at 10 (citing *Armstrong v. Exceptional Child Center, Inc.*, 575 U.S. 320, 324–27 (2015)).
[9] *Id.*
[10] *Id.* at 11.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE